UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | 1:07-CR-00504-SLB-GMB-1 |
| | ) | |
| DAVID TIGNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on Defendant David Tigner's motion for compassionate release and appointment of counsel. (Doc. 40).[1] In his motion, Mr. Tigner seeks compassionate release because of the current COVID-19 pandemic. Although he does not mention a specific statute, the court will construe Mr. Tigner's motion as requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). After reviewing the submissions of the parties, the court finds that Mr. Tigner has not shown extraordinary and compelling reasons warranting compassionate release and is otherwise ineligible for a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A).

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record. Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

1

## I.     BACKGROUND

Mr. Tigner is serving a 210-month sentence after pleading guilty to two counts of being a felon in possession of a firearm, five counts of unlawful distribution of controlled substances, and two counts of using a firearm during and in relation to a drug-trafficking crime.  (Doc. 17).  Mr. Tigner is currently incarcerated at Yazoo City Low FCI with a scheduled release date of December 21, 2022.  *See* https://www.bop.gov/inmateloc/ (last visited April 13, 2021).  Currently, according to information from the Bureau of Prisons, Yazoo City Low has four active inmate case of COVID-19 and five active staff cases.  *See* https://www.bop.gov/coronavirus/ (last visited April 13, 2021).

## II.    STANDARD OF REVIEW

The court construes Mr. Tigner's motion for compassionate release as being filed pursuant to 18 U.S.C. § 3582(c)(1)(A).  Section 3582, as amended by the First Step Act of 2018, states that courts generally cannot alter or modify a term of imprisonment after its imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has properly exhausted his or her administrative remedies.  18 U.S.C. § 3582(c)(1)(A).  To exhaust administrative remedies, a prisoner can (1) pursue all avenues of appeal after the Bureau of Prisons fails to bring a motion for modification of sentence at the prisoner's

request, or (2) file a request for relief with the warden to which the warden does not respond within 30 days. *Id.*

Where a prisoner has properly exhausted administrative remedies, Section 3582(c)(1)(A), as amended by the First Step Act, allows a court to modify a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" *if* the court finds that "extraordinary and compelling reasons warrant such a reduction" *and* finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The relevant Sentencing Commission policy statement for Section 3582(c)(1)(A) sets forth several "extraordinary and compelling reasons" warranting a reduction in sentence. U.S.S.G. § 1B1.13(1)(A) & cmt. 1. In light of a lack of binding precedent, this court has previously determined—following guidance from the Second, Fourth, Sixth, and Seventh Circuits—that the policy statement is not "applicable" to Section 3582(c)(1)(A) motions filed by prisoners rather than the Bureau of Prisons. *United States v. Hewlett*, No. 5:93-CR-00137-SLB-SGC-2, 2020 WL 7343951, at *3–*4 (N.D. Ala. Dec. 14, 2020); 18 U.S.C. § 3582(c)(1)(A). Thus, this court has found that courts have discretion to determine whether a prisoner has shown extraordinary and compelling circumstances warranting compassionate release. *Hewlett*, No. 5:93-CR-00137-

3

SLB-SGC-2, 2020 WL 7343951, at *3–*4; 18 U.S.C. § 3582(c)(1)(A).

### III.  DISCUSSION

In his motion for compassionate release, Mr. Tigner states that he previously contracted COVID-19 and experienced severe pain and a recurrence of high blood pressure due to the virus.  (Doc. 40).  He adds that he also suffers from anxiety and depression.  Mr. Tigner states that he is afraid to catch the virus again and asserts that his correctional facility, Yazoo City Low, has had many cases of COVID-19.  He says that he requested relief from the warden of his correctional institution on July 28, 2020, but did not receive a response.  In addition to requesting compassionate release, Mr. Tigner also requests that this court appoint him an attorney to help him pursue relief.  (*Id*).

The government filed a response in opposition, arguing that Mr. Tigner has not shown entitlement to compassionate release.  (Doc. 43).  The government argues that, as an initial matter, Mr. Tigner has not actually shown that he properly exhausted his administrative remedies because he only provides his own unverified assertion that he sought compassionate release from the warden of his correctional institution.  (*Id.* at 3–5).  The government states that it contacted litigation counsel for the Bureau of Prisons, and the Bureau of Prisons has no record of such a request from Mr. Tigner.  (*Id.* at 3).  Further, the government argues that Mr. Tigner has not shown that he qualifies for a reduction in his sentence because his

health conditions do not rise to the level of extraordinary and compelling reasons warranting a reduction in sentence. (*Id.* at 7–8). The government also argues that, even if Mr. Tigner could show extraordinary and compelling reasons warranting a reduction in sentence, he poses a danger to the community and the sentencing factors set forth in Section 3553(a) do not support compassionate release. (*Id.* at 8–9).

In this case, it is not entirely clear whether Mr. Tigner properly exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Mr. Tigner states that he filed a request for compassionate release with the warden of his correctional institution and did not receive a response in thirty days, as required to exhaust his administrative remedies. *See* (Doc. 40 at 2); 18 U.S.C. § 3582(c)(1)(A). But the government contests that assertion and states that the Bureau of Prisons has no record of such a request. *See* (Doc. 43 at 3). However, the court need not examine whether Mr. Tigner has actually exhausted his administrative remedies. First, the Eleventh Circuit has held that "Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Further, regardless of whether Mr. Tigner properly exhausted his administrative remedies, he has not shown entitlement to compassionate release under Section 3582(c)(1)(A).

Mr. Tigner requests compassionate release because he fears contracting COVID-19 again; he states that when he previously had the virus it caused him severe pain and caused a recurrence of hypertension, which had previously resolved.  (Doc. 40).  He also states that he has anxiety and depression.  (*Id.*).  The CDC does not recognize anxiety or depression among the list of conditions thought to increase the risk of contracting a severe case of COVID-19.  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 13, 2021).  The CDC does recognize that hypertension can "possibly" increase the risk of severe illness from COVID-19. *Id.*  However, Mr. Tigner seems to indicate that his hypertension had resolved prior to getting COVID-19 and does not clarify whether his hypertension remains after his recovery.  Therefore, the court finds that Mr. Tigner has not clearly shown that he has significant risk factors for a particularly severe case of COVID-19.  Additionally, information from the Bureau of Prisons shows that Yazoo City Low currently has only nine active cases of COVID-19, which mitigates Mr. Tigner's risk of contracting the virus.  *See* https://www.bop.gov/coronavirus/ (last visited April 13, 2021).  Accordingly, the court finds that Mr. Tigner has not shown extraordinary and compelling circumstances warranting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Even if Mr. Tigner were able to show extraordinary and compelling reasons

warranting relief, the court finds that he still would not be entitled to compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). To qualify for compassionate release, the applicable factors set forth in Section 3553(a) must support a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires courts to impose sentences that are "sufficient, but not greater than necessary" for a person's crimes, taking into consideration a multitude of factors. 18 U.S.C. § 3553(a). Those factors include, among other things, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment, and the need to protect the public from future crimes by the defendant. *Id.*

Here, the Section 3553(a) factors do not support Mr. Tigner's release. Mr. Tigner received a serious sentence for serious crimes; he pled guilty to five counts of drug distribution and four counts of associated firearm offenses. (Doc. 17). The Eleventh Circuit has "repeatedly noted the dangerous, and often violent, combination of drugs and firearms." *Whittier v. Kobayashi*, 581 F.3d 1304, 1309 (11th Cir. 2009). So, his combination of crimes put the public at notable risk.

In addition to being dangerous to the public, Mr. Tigner's crimes also show a bent toward recidivism. Mr. Tigner's two convictions for being a felon in possession of a firearm arose in part from Mr. Tigner's previous history of criminal conduct and convictions. In his own sentencing memorandum, Mr. Tigner

admitted that he had "caused trouble" since he was 17 years old.  (Doc. 12 at 6).  Mr. Tigner has shown that he is a repeat offender with a problem with recidivism who tends to engage in crimes that are dangerous to the public.  Therefore, the court finds that Mr. Tigner still represents a danger to the community and his original sentence, rather than a reduced sentence, best applies the factors set forth in Section 3553(a).  For this additional reason, the court finds that Mr. Tigner is not entitled to compassionate release under Section 3582(c)(1)(A).

As a final note, the court will decline to grant Mr. Tigner appointed counsel.  No constitutional or statutory right to counsel exists for Section 3582 motions; the decision whether to appoint an attorney in a Section 3582 action is left to the court's discretion.  *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009).  Here, the court finds that Mr. Tigner has effectively put forth the basic contours of his arguments for compassionate release without assistance and his claims are not so complex as to require counsel.

Accordingly, Mr. Tigner's request for compassionate release and for appointment of counsel, (Doc. 40), is **DENIED**.

**DONE** and **ORDERED** this 13th day of April, 2021.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE